UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re:                                              :       Chapter 11
                                                    :
SquareTwo Financial Services                        :       Case No. 17-10659 (JLG)
Corporation, et al.,[1]                             :
                                                    :       (Jointly Administered)
                          Debtors.                  :
----------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO:
(A) CONTINUE USING THEIR EXISTING COLLECTIONS SYSTEM;
(B) EMPLOY AND RETAIN CERTAIN RELATED LAW FIRMS IN THE
ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE
PETITION DATE; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an interim order, pursuant to sections 327(e), 328, 330, 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors (a) to continue using their existing Collections System; (b) to employ and retain certain related law firms in the ordinary course of business *nunc pro tunc* to the Petition Date without the submission of separate retention applications and the issuance of separate orders approving the retention of each individual professional; and (c) to pay each of the Collections Firms in accordance with (i) the terms set forth in the Motion and herein without application to the Court by such professional and (ii) the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554). The Debtors' executive headquarters are located at 6300 South Syracuse Way, Suite 300, Centennial, CO 80111.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Debtors' prepetition practice; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration and the Richardson Declaration; and due and sufficient notice having been given; and it appearing that no other or further notice need be provided except as provided herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, creditors and other parties in interest is necessary to avoid immediate and irreparable harm to the Debtors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to retain the Collections Firms listed on <u>Exhibit 1</u> attached hereto in the ordinary course of business without the need to file individual retention applications for each such professional *nunc pro tunc* to the Petition Date.

3. The Debtors are authorized, but not directed, to make payments for postpetition compensation and reimbursement of postpetition expenses to each of the Collections Professionals (subject to the applicable Collections Firm filing the declaration and questionnaire) in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such Collections Professional, in accordance with the Debtors' prepetition practice.

4. As soon as reasonably possible after entry hereof, the Debtors shall serve a copy of the Motion and this Interim Order upon: (a) the United States Trustee for Region 2; (b) the Debtors' five (5) largest secured creditors on a consolidated basis; (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (d) Foley & Lardner LLP, 321 North

Clark Street, Suite 2800, Chicago, IL 60654 (Attn: Michael J. Small, Esq.) and 777 East Wisconsin Avenue, Milwaukee, WI 53202 (Attn: Benjamin F. Rikkers, Esq.), as counsel to Resurgent Holdings LLC; (e) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10002 (Attn: Frederic L. Ragucci, Esq. and Adam C. Harris, Esq.), as counsel to the lenders party to the Debtors' prepetition first lien financing agreement and counsel to Cerberus Business Finance, LLC, as agent for the Debtors' prepetition first lien financing agreement; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq. and Elizabeth R. McColm, Esq.), as counsel to the lenders party to the Debtors' prepetition 1.25 lien credit agreement and certain lenders party to the Debtors' prepetition 1.5 lien credit agreement; (g) Holland & Knight LLP, 131 South Dearborn Street, 30th Floor, Chicago, IL 60603 (Attn: Joshua M. Spencer, Esq.), as counsel to Cortland Capital Market Services LLC, as agent for the Debtors' prepetition 1.25 and 1.5 lien credit agreements; (h) U.S. Bank National Association, as the indenture trustee for the Debtors' prepetition second lien notes; (i) counsel to the agent for the Debtors' proposed postpetition credit facility; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the Southern District of New York; (l) the Internal Revenue Service; (m) the Canada Revenue Agency as represented by the Department of Justice (Canada); and (n) the Consumer Financial Protection Bureau.

5. Any responses or objections to the entry of an order granting the relief requested in the Motion on a final basis (the "**Final Order**") must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York; (d) be filed with the United States Bankruptcy Court for the Southern District of New York; and (e) be served upon:

(i) SquareTwo Financial Services Corporation, 6300 South Syracuse Way, Suite 300, Centennial, CO 80111 (Attn: Alan Singer, Esq.); (ii) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Matthew A. Feldman, Esq. and Debra C. McElligott, Esq.); (iii) the U.S. Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan A. Arbeit, Esq. and Richard C. Morrissey, Esq.); (iv) counsel to any official committee appointed in these cases; (v) Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, IL 60654 (Attn: Michael J. Small, Esq.) and 777 East Wisconsin Avenue, Milwaukee, WI 53202 (Attn: Benjamin F. Rikkers, Esq.), as counsel to Resurgent Holdings LLC; (vi) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10002 (Attn: Frederic L. Ragucci, Esq. and Adam C. Harris, Esq.), as counsel to the lenders party to the Debtors' prepetition first lien financing agreement, counsel to Cerberus Business Finance, LLC, as agent for the Debtors' prepetition first lien financing agreement and counsel to the agent for the Debtors' proposed postpetition credit facility; and (vii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq. and Elizabeth R. McColm, Esq.), as counsel to the lenders party to the Debtors' prepetition 1.25 lien credit agreement and certain lenders party to the Debtors' prepetition 1.5 lien credit agreement. The deadline by which objections to the Motion and the Final Order must be filed and received by counsel to the Debtors is April 6, 2017 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**").

6. A hearing, if necessary, on the Final Order will be held on **April 13, 2017, at 2:00 p.m. (prevailing Eastern Time),** before the Honorable James L. Garrity, United States Bankruptcy Judge, in Courtroom 601, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "**Final Hearing**") and, pending entry of an order following the

conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis. If no objections are filed prior to the entry of the Final Order, the Court may enter such order without further notice or hearing.

7. The relief requested in the Motion is necessary to avoid irreparable harm to the Debtors, and timely entry of this Interim Order is not prohibited by Bankruptcy Rule 6003(b).

8. Bankruptcy Rule 6004(a) and Local Rule 9013-1(b) are waived for purposes of the Motion, and notwithstanding any applicability of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding anything to the contrary herein, (a) payments made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to, the requirements imposed on the Debtors under the Debtors' postpetition financing agreement (the "**DIP Agreement**") and the terms and conditions of the interim and final orders, as applicable, approving the DIP Agreement and governing the Debtors' use of cash collateral (in either case, the "**Cash Collateral and DIP Order**"), and (b) to the extent there is any inconsistency between the terms of the Cash Collateral and DIP Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral and DIP Order shall control.

10. This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection.

11. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Interim Order.

Dated: March 28, 2017
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Schedule of Collections Firms and Corresponding Advisory Groups

| Collections Firm | Advisory Groups |
|---|---|
| Enerson Law, LLC | GW Financial, LLC |
| Federated Law Group, PLLC | Reliance Recovery, LLC |
| J.A. Cambece Law Office, P.C. | Enzo Management, Inc. |
| Law Offices of Ed Overcash, LLC | Frontline Receivables Group, LLC |
| Mandarich Law Group, LLP | CMMM, Inc. |
| Neuheisel Law Firm, P.C. | Cube Recovery, LLC |
| Scott Lowery Law Office, P.C. | Cerca Trova, LLC |
| Taylor Law, PLLC | Woodford Strategic Consultants, LLC |
| William C. Grossman Law, PLLC | IanPage Services, LLC |
| Law Office of Joe Pezzuto, LLC | Power Day, LLC |
| Brown Law, PLLC | Power Day, LLC |
| Daniels, Norelli, Scully & Cecere, P.C. | N/A |
| D. Michael Dendy, APLC | N/A |