UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| ---------------------------------------------------x | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| SquareTwo Financial Services : | Case No. 17-10659 (JLG) |
| Corporation, et al.,[1] : | |
| : | (Jointly Administered) |
| Debtors. : | |
| ---------------------------------------------------x | |

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 327(e), 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors to: (a) employ and retain professionals utilized in the ordinary course of business; and (b) pay each OCB Professional 100% of postpetition fees and disbursements, subject to the Contingency Fee Cap or Individual Monthly Cap and the Aggregate Cap, as applicable, in accordance with the terms set forth herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554). The Debtors' executive headquarters are located at 6300 South Syracuse Way, Suite 300, Centennial, CO 80111.

requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and a hearing on the Motion having been held on April 25, 2017; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, but not directed, to retain the OCB Professionals listed on Exhibits 1 and 3 attached to the *Notice of Filing of Revised Exhibits to Debtors' Motion for Order Authorizing Debtors to Employ and Retain Professionals Used in the Ordinary Course of Business Pursuant to Sections 105(a), 327(e), 328 and 330 of the Bankruptcy Code* [Docket No. 105] (the "**Revised Exhibits Notice**"), in the ordinary course of business without the need to file individual retention applications for each such professional. To the extent that the Debtors promptly retain such professionals listed on Exhibits 1 or 3 attached to the Revised Exhibits Notice, such retentions shall be nunc pro tunc to the Petition Date.

4. Each OCB Professional is required to: (a) file with the Court a declaration stating that such OCB Professional does not represent or hold any interest adverse to the Debtors or to their estates with respect to the matters on which such OCB Professional is to be employed, substantially in the form annexed to the Motion as Exhibit D (the "**OCB Professional Declaration**"), and a questionnaire, substantially in the form attached to the Motion as Exhibit E (the "**Questionnaire**"); and (b) serve copies thereof on the Notice Parties (as defined below).

5. The Debtors may file a supplemental list of OCB Professionals from time to time as necessary if additional OCB Professionals are to be utilized, and the Debtors shall file

each such supplemental list, along with the attendant OCB Professional Declarations and Questionnaires, with the Court and serve them by first class mail on the Office of the United States Trustee and all parties that have filed a notice of appearance in these cases.

6.      Any objections to a supplemental list of OCB Professionals must be filed with this Court and served by first class mail on the following parties:  (a) SquareTwo Financial Services Corporation, 6300 South Syracuse Way, Suite 300, Centennial, CO 80111 (Attn: Alan Singer, Esq.); (b) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn:  Matthew A. Feldman, Esq. and Debra C. McElligott, Esq.) as proposed counsel for Debtors and Debtors in Possession; (c) U.S. Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan A. Arbeit, Esq. and Richard C. Morrissey, Esq.); (d) Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, IL 60654 (Attn: Michael J. Small, Esq.) and 777 East Wisconsin Avenue, Milwaukee, WI 53202 (Attn: Benjamin F. Rikkers, Esq.), as counsel to Resurgent Holdings LLC; (e) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10002 (Attn: Frederic L. Ragucci, Esq. and Adam C. Harris, Esq.), as counsel to the lenders party to the Debtors' prepetition first lien financing agreement and counsel to Cerberus Business Finance, LLC, as agent for the Debtors' prepetition first lien financing agreement and postpetition credit facility; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn:  Alan W. Kornberg, Esq. and Elizabeth R. McColm, Esq.), as counsel to the lenders party to the Debtors' prepetition 1.25 lien credit agreement and certain lenders party to the Debtors' prepetition 1.5 lien credit agreement; and (g) counsel to any official committee appointed in these cases (collectively, the "**Notice Parties**").

7.      If no objections to such supplemental list are filed within fifteen (15) days after the date of service thereof (the "**Objection Deadline**"), then all professionals listed on such

supplemental list shall be deemed approved by this Court and shall be deemed OCB Professionals within the purview of this Order, effective as of the date set forth in the supplemental list, without the necessity of a hearing or further notice. If an objection to such supplemental list is timely filed, such objection shall apply only to the particular professional(s) named in such objection and the supplemental list shall otherwise be deemed approved by this Court as set forth in the immediately preceding sentence. If such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter shall be scheduled for adjudication by the Court at the next available hearing.

8. The Debtors shall not make any payment to any OCB Professional who has failed to follow the OCB Professional Procedures.

9. The Debtors are authorized, but not directed, to make payments for postpetition compensation and reimbursement of postpetition expenses to each of the OCB Professionals in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such OCB Professional, after the filing of an OCB Professional Declaration and a Questionnaire by such OCB Professional as described in Paragraph 4 above, and upon receipt of reasonably detailed invoices indicating the nature of the professional services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' rights to dispute any such invoices), or with respect to the Contingency Firms, in accordance with the Debtors' prepetition practices, subject to an individual OCB Professional monthly fee cap as follows: (a) with respect to Contingency Firms, a monthly fee cap not to exceed a 35% contingency fee for each individual Contingency Firm (provided such fee is consistent with the Debtors' prepetition practices); and (b) with respect to all OCB Professionals that are not Contingency Firms, a monthly fee cap of $50,000

(the "**Individual Monthly Cap**") for each individual OCB Professional, and $300,000 in the aggregate (the "**Aggregate Cap**") for all fees paid to an individual OCB Professional (that is not a Contingency Firm) in the course of these cases, for both (a) and (b), subject to any further order of the Court; provided that the Contingency Fee Cap, the Individual Monthly Cap and the Aggregate Cap are exclusive of the reasonable and necessary expenses of the OCB Professionals. In the event that an OCB Professional is not paid on a monthly basis, the Individual Monthly Cap will be the monthly average for the number of months the OCB Professional has provided services but not yet been compensated.

10.     If an OCB Professional that is not a Contingency Firm incurs fees in excess of the Individual Monthly Cap while these chapter 11 cases are pending (the "**Excess Fees**"), then such OCB Professional must file a fee application with this Court for approval of the Excess Fees and payment of the Excess Fees shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Fee Guidelines.

11.     If an OCB Professional that is not a Contingency Firm exceeds the Aggregate Cap for the entire period in which these chapter 11 case are pending, then such OCB Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code.

12.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

13.     This Court shall retain jurisdiction with respect to any and all matters

arising from or relating to the implementation or interpretation of this Order.

Dated:  May 1, 2017
        New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE