UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| In re: | : | Chapter 11 |
| | : | |
| SquareTwo Financial Services | : | Case No. 17-10659 (JLG) |
| Corporation, et al.,[1] | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

---------------------------------------------------------x

**NOTICE OF: (I) ENTRY OF ORDER CONFIRMING JOINT PREPACKAGED CHAPTER 11 PLAN FOR SQUARETWO FINANCIAL SERVICES CORPORATION AND ITS AFFILIATED DEBTORS; (II) OCCURRENCE OF EFFECTIVE DATE; (III) REJECTION OF CERTAIN EXECUTORY CONTRACTS; AND (IV) DEADLINE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS AND FEE CLAIMS**

**PLEASE TAKE NOTICE THAT:**

1. <u>Confirmation of the Plan</u>. On June [___], 2017, the United States Bankruptcy Court for the Southern District of New York entered an order [Docket No. ___] (the "**Confirmation Order**") confirming the *Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and Its Affiliated Debtors*, dated March 3, 2017 (as confirmed, the "**Plan**").[2] To obtain a copy of the Confirmation Order or the Plan, you may (a) visit the website of the Debtors' administrative agent, Prime Clerk LLC ("**Prime Clerk**") at http://cases.primeclerk.com/squaretwo, (b) contact Prime Clerk by calling (844) 205-4337 (U.S. & Canada toll free) or (917) 962-8384 (international), or (c) visit the Bankruptcy Court's website: www.nysb.uscourts.gov (a PACER password is required). In addition, copies of the Plan, the Confirmation Order and related documents are on file with the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

2. <u>Effective Date</u>. On June [____], 2017, the "Effective Date" occurred with respect to the Plan.

---

[1] The reorganized debtors (the "<u>Debtors</u>") in these cases and the last four digits of each Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] Capitalized terms used but not defined herein have the meanings given them in the Plan.

3. <u>Rejection of Certain Executory Contracts</u>.  **All executory contracts and unexpired leases of the U.S. Debtors have been rejected**, except for (a) executory contracts and unexpired leases to which any Canadian Debtor is a party, all of which have been assumed or assumed and assigned by and/or to the Canadian Debtors (or their designee), and (b) executory contracts and unexpired leases to which any U.S. Debtor is a party that are listed on the Schedule of Assumed Contracts and Leases, which have been assumed or assumed and assigned by and/or to Wind Down Co or the Acquired Debtors (or their designee) [<u>See</u> Docket Nos. 77, 128, 162, 190, 220, 240 and 278].

Except as otherwise explicitly set forth in the Plan, all Claims (other than Canadian Claims and Assumed U.S. Liabilities) arising from the rejection of executory contracts or unexpired leases are discharged as of the Effective Date, shall not be enforceable against the Debtors, the Estates, the Reorganized Debtors, including the Acquired Debtors and the Dissolving Debtors, the Plan Investor, the Plan Administrator, or their respective properties or interests in property, and are forever barred and are not enforceable against the Debtors, the Reorganized Debtors, including the Acquired Debtors and the Dissolving Debtors, the Plan Investor, or the Plan Administrator.  Notwithstanding the foregoing, the holders of Claims arising from the rejection of executory contracts or unexpired releases may be entitled to a distribution from the Creditor Distribution Trust formed in conjunction with the *Order Approving Settlement Agreement and Creditor Distribution Trust Agreement* [Docket No. __] entered in the chapter 11 cases.  Additional information and instruction regarding filing of a proof of claim and procedures for electing to participate in the Creditor Distribution Trust will be forthcoming.

4. <u>Bar Date for Filing Administrative Expense Claims</u>.  Pursuant to Section 3.2(a) of the Plan, any Person asserting an Administrative Expense Claim other than the holder of:  (a) a Fee Claim; (b) a DIP Claim; (c) a Consenting Lender Fee Claim; (d) an Administrative Expense Claim that has been Allowed on or before the Effective Date; (e) an Administrative Expense Claim for an expense or liability incurred and payable in the ordinary course of business by a Debtor, including an Administrative Expense Claim that is a Canadian Claim and/or an Assumed U.S. Liability (which Canadian Claim and/or Assumed U.S. Liability shall be satisfied by the applicable Acquired Debtor in accordance with the terms of the Plan and the terms of the Plan Funding Agreement) (for the avoidance of doubt, an Administrative Expense Claim <u>must</u> be filed for any non-ordinary course litigation Claims); (f) an Administrative Expense Claim on account of fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court; (g) an Administrative Expense Claim held by a current officer, director or employee of the Debtors for indemnification, contribution, or advancement of expenses pursuant to: (i) any Debtor's certificate of incorporation, by-laws, operating agreement, or similar organizational document, or (ii) any indemnification or contribution agreement approved by the Bankruptcy Court; (h) an Administrative Expense Claim arising, in the ordinary course of business, out of the employment by one or more Debtors of an individual from and after the Petition Date, but only to the extent that such Administrative Expense Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses; (i) a claim by the Plan Investor, or any of its affiliates, arising under any of the Transaction Documents against the Debtors; (j) a Claim for fees and expenses held by the Plan Investor or a professional person retained by the Plan

Investor, to the extent the Bankruptcy Court does not authorize the Debtors to pay amounts owed under Article 3.2(ix) of the Plan without first submitting an application for such fees and expenses to the Bankruptcy Court; (k) an Intercompany Claim; or (l) U.S. Trustee Fees, must file with the Bankruptcy Court and serve on Wind Down Co, Prime Clerk, and the U.S. Trustee, proof of such Administrative Expense Claim so as to be received by no later than **5:00 p.m. (prevailing Eastern Time) on [\_\_\_\_\_], 2017**.[3] Such proof of Administrative Expense Claim must include at a minimum: (1) the name of the applicable Debtor that is purported to be liable for the Administrative Expense Claim and, if the Administrative Expense Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (2) the name of the holder of the Administrative Expense Claim; (3) the amount of the Administrative Expense Claim; (4) the basis of the Administrative Expense Claim; and (5) supporting documentation for the Administrative Expense Claim.

**FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISCHARGED. IF FOR ANY REASON ANY SUCH ADMINISTRATIVE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL IN NO EVENT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN.**

5. <u>Bar Date for Filing Priority Tax Claims</u>. Pursuant to Section 3.5(a) of the Plan, the holder of a Priority Tax Claim, other than a holder of a Priority Tax Claim that is a Canadian Claim and/or an Assumed U.S. Liability (which shall be satisfied by the applicable Acquired Debtor in accordance with the terms of the Confirmation Order, the Plan and the Plan Funding Agreement), must file with the Bankruptcy Court and serve on Wind Down Co, Prime Clerk, and the U.S. Trustee, proof of such Priority Tax Claim so as to be received by no later than **5:00 p.m. (prevailing Eastern Time) on September 15, 2017**. Such proof of Priority Tax Claim must include at a minimum: (a) the name of the applicable Debtor that is purported to be liable for the Priority Tax Claim and if the Priority Tax Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (b) the name of the holder of the Priority Tax Claim; (c) the asserted amount of the Priority Tax Claim; (d) the basis of the Priority Tax Claim; and (e) supporting documentation for the Priority Tax Claim.

**FAILURE TO FILE AND SERVE SUCH PROOF OF PRIORITY TAX CLAIM TIMELY AND PROPERLY SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISCHARGED. IF FOR ANY REASON ANY SUCH PRIORITY TAX CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL IN NO EVENT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN.**

6. <u>Bar Date for Filing Fee Claims</u>. Pursuant to Section 3.3(a) of the Plan and paragraph 46 of the Confirmation Order, any Professional Person seeking allowance by the

---

[3] [NTD: Date that is thirty days after the Effective Date.]

- 3 -

Bankruptcy Court of a Fee Claim shall file with the Bankruptcy Court its respective final application for allowance of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date no later than **forty-five (45) calendar days after the Effective Date** or such other date as established by the Bankruptcy Court.  **Objections to such Fee Claims, if any, must be filed and served on the applicable Professional Person, the Dissolving Debtors and the U.S. Trustee by no later than sixty-five (65) calendar days after the Effective Date.**

Dated: New York, New York
       June [__], 2017

                                    WILLKIE FARR & GALLAGHER LLP
                                    Counsel for the Dissolving Debtors
                                    787 Seventh Avenue
                                    New York, NY 10019