UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
SquareTwo Financial Services                        :        Case No. 17-10659 (JLG)
Corporation, et al.,[1]                             :
                                                    :        (Jointly Administered)
                          Debtors.                  :
-------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT
## AND CREDITOR DISTRIBUTION TRUST AGREEMENT

Upon the motion, dated May 19, 2017 (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for approval of that certain Settlement Agreement entered into as of May 19, 2017, and attached hereto as Exhibit 1 (the "**Settlement Agreement**") and that certain Creditor Distribution Trust Agreement, attached hereto as Exhibit 2 (the "**CDTA**"), by and among (a) the Debtors, (b) the Official Committee of Unsecured Creditors (the "**Committee**"), (c) Apollo Global Management, LLC and certain entities directly or indirectly controlled by it ("**Apollo**"), and (d) KKR Credit Advisors (US) LLC and certain entities directly or indirectly controlled by it ("**KKR**" and, together with the Debtors, the Committee and Apollo, the "**Settlement Parties**"), all as more fully described in the Motion; and

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows:  Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).  The Debtors' executive headquarters are located at 6300 South Syracuse Way, Suite 300, Centennial, CO 80111.

[2]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and due and adequate notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the Settlement Agreement is reasonable, fair and equitable and supported by adequate consideration; and that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and a hearing on the Motion having been held on June 2, 2017; and after due deliberation and sufficient cause appearing therefore, it is hereby

    FOUND AND DETERMINED that:

    A. This Court has jurisdiction to hear and adjudicate the Motion.

    B. Notice of the Motion was reasonable and adequate under the circumstances, and constitutes due and sufficient notice of the Motion.

    C. Any objections that were raised or that could have been raised in opposition to the Motion, that have not been withdrawn or resolved, are overruled and/or waived.

    D. The Debtors have acted in good faith and exercised sound business judgment in connection with their determination to enter into and execute the Settlement Agreement.  Approval of the Settlement Agreement is in the best interests of the Debtors, their respective estates and creditors.

    ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted.

2. Pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code, the Settlement Agreement and its terms are approved.

3. The form of CDTA and the terms contained therein are approved. The party designated as Creditor Trustee (as defined in the CDTA) in the CDTA is appointed Creditor Trustee.

4. To the extent not already authorized, the Debtors and Creditor Trustee are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein. The Creditor Trustee shall pay from the Creditor Distribution Trust to U.S. Bank National Association as Second Lien Trustee all reasonable and documented fees and expenses incurred from the Petition Date up to and including the Effective Date without application or approval from the Bankruptcy Court, in an amount not to exceed fifty thousand dollars ($50,000.00). The Second Lien Trustee shall provide a reasonably detailed invoice to the Creditor Trustee no later than thirty (30) days after the Effective Date. If the Creditor Trustee disputes any requested fees and expenses the Creditor Trustee shall (i) pay the undisputed portion of the fees, (ii) notify the Second Lien Trustee of such dispute within five (5) days of presentment of the invoice. The Second Lien Trustee may assert its charging lien to pay the disputed portion or submit such dispute for resolution to the Bankruptcy Court.

5. The Creditor Trustee in its discretion, may (i) request that the Second Lien Trustee hold and direct distributions from the Creditor Distribution Trust for the benefit of holders of the Second Lien Lender Claims, and (ii) assist and provide necessary information or

other services to facilitate the creditor election and distribution process in accordance with the terms of the order approving the bar date and election procedures (collectively, the "**Trustee Requested Services**"). The Creditor Trustee shall pay from the Creditor Distribution Trust to the Second Lien Trustee all reasonable and documented fees and expenses incurred after the Effective Date in connection with the Trustee Requested Services, without application or approval from the Bankruptcy Court, in an amount not to exceed fifty thousand dollars ($50,000.00). Nothing in this Order shall obligate the Second Lien Trustee to undertake any Trustee Requested Services not required by the Second Lien Indenture as altered by the Plan and the Confirmation Order, and for the avoidance of doubt the Second Lien Trustee is not obligated to undertake any Trustee Requested Services for which it is not reasonably certain it will receive payment for performing.

      6.      If, pursuant to the first sentence of Section 6.2(b) of the Plan Funding Agreement, the Plan Investor offers to surrender books or records to the Debtors' Representative (as defined in the Plan Funding Agreement), the Plan Investor may, at its sole discretion, and the Plan Administrator and the Dissolving Debtors shall within three (3) business days after the Plan Investor's offer to surrender, notify the Creditor Trustee of such offer prior to the destruction of any such books or records if the offer of surrender is refused. Until the completion of the Wind Down, the Creditor Trustee may, within three (3) business days after the Creditor Trustee receives notice of the Plan Investor's offer to surrender, request that the Debtors' Representative (a) accept such surrender and (b) thereafter provide access to books or records so surrendered in accordance with the terms of the CDTA, and if such request is denied, the Creditor Trustee may within five (5) business days after the denial of such request seek an order from this Court as to require the same. All books and records to which access is obtained by the Creditor Trustee as

4

described above shall be used by the Creditor Trustee exclusively for the purposes contemplated under the CDTA and shall be kept by the Creditor Trustee in the strictest confidence and in accordance with all applicable laws.

7. The terms of this Order shall be effective and enforceable immediately upon its entry. To the extent of any inconsistency between the terms of the Settlement Agreement and the Confirmation Order or the Plan, the Settlement Agreement and this Order shall control.

8. This Court retains exclusive jurisdiction to hear and determine any dispute regarding the interpretation or enforcement of the Settlement Agreement and the CDTA. The Court otherwise retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 8, 2017
      New York, New York

                                  *s/ James L. Garrity, Jr.*
                              THE HONORABLE JAMES L. GARRITY, JR.
                              UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Settlement Agreement**

# **EXHIBIT 2**

# **CDTA**