IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Square Two Financial Services Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10659-JLG<br>(Jointly Administered)<br><br>**Presentment Date:** February 26, 2018 at 12:00 p.m. (Eastern Time)<br>**Objection Deadline:** February 26, 2018 at 11:30 a.m. (Eastern Time) |

NOTICE OF PRESENTMENT
OF PLAN ADMINISTRATOR'S MOTION FOR AN ORDER
ENTERING FINAL DECREE AND CLOSING CHAPTER 11 CASES

**PLEASE TAKE NOTICE** that the *Plan Administrator's Motion for an Order Entering Final Decree and Closing Chapter 11 Cases* (the "Motion") annexed hereto, will be presented by the undersigned counsel to the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, for signature on **February 26, 2018 at 12:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to entry of the order must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed with the Court (with two single-sided hard copies delivered to the Judge's Chambers), and be served in a manner as will cause such objection to be received by **February 26, 2018 at 11:30 a.m.** (prevailing Eastern Time) (the "Objection Deadline") by: (i) Thomas M. Kim, Plan Administrator, SquareTwo Financial Corporation, 6300 S. Syracuse Way, Ste. 300,

---

[1] The Debtors that commenced the chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

Centennial, CO 80111; and (ii) the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan A. Arbeit, Esq. and Richard C. Morrissey, Esq.). The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are received by the Objection Deadline, the order may be entered by the Bankruptcy Court without further notice or a hearing. If an objection is filed, you may be notified of a hearing to consider the relief requested.

Dated: February 5, 2018

**HOGAN LOVELLS US LLP**

By: __/s/ *M. Shane Johnson*_____
M. Shane Johnson
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: shane.johnson@hoganlovells.com

*Counsel for the Plan Administrator*

Presentment Date: February 26, 2018 at 12:00 p.m. (Eastern Time)
Objection Deadline: February 26, 2018 at 11:30 a.m. (Eastern Time)

**HOGAN LOVELLS US LLP**
M. Shane Johnson
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: shane.johnson@hoganlovells.com

*Counsel for the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SquareTwo Financial Services Corporation, *et al.*,[1] | Case No. 17-10659 (JLG) |
| Plan Administrator. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S MOTION FOR AN ORDER
ENTERING FINAL DECREE AND CLOSING CHAPTER 11 CASES**

Thomas M. Kim, as Plan Administrator of the confirmed chapter 11 plan of the above-captioned debtors [Dkt No. 298, Ex. A] (the "Plan"),[2] respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors that commenced the chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] Capitalized terms not otherwise defined have the meaning ascribed to them in the Plan.

Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), issuing a final decree and closing certain of the Dissolving Debtors' chapter 11 cases. In support of this Motion, the Plan Administrator respectfully represents and sets forth as follows:

## JURISDICTION

1. This Court (as defined below) has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 19, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

3. On that same date the Debtors filed the *Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and its Affiliated Debtors* [Dkt No. 20], which the Court confirmed on June 9, 2017. *See* [Dkt No. 298]. The Plan's Effective Date occurred on June 15, 2017. *See* [Dkt No. 310]. Pursuant to the Plan Thomas M. Kim was appointed the Plan Administrator as of the Effective Date.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

4. On the Effective Date, the Plan Administrator dissolved CACV of New Jersey, LLC and Refinance America, Ltd. and merged Collect Air, LLC, Orsa, LLC, Healthcare Funding Solutions, LLC, Astrum Financial, LLC, CA Internet Marketing, LLC, Autus, LLC, Candeo, LLC and Collect America of Canada, LLC into SquareTwo Financial Corporation ("SquareTwo"). None of the Dissolving Debtors currently has any ongoing operations.

5. On November 30, 2017, the Court entered the *Order Granting Plan Administrator's First Omnibus Application for an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 Reclassifying Claims Asserting Priority Status and Expunging Duplicate Claims* [Dkt No. 563].

## RELIEF REQUESTED

6. By the Motion, the Plan Administrator seeks entry of the Proposed Order (i) closing each of the eleven (11) pending chapter 11 cases identified on Schedule 1 to the Proposed Order (collectively, the "Administered Cases") and (ii) waiving the requirement in Local Rule 3022-1 to file a Closing Report; provided, however, that the Court shall retain such jurisdiction as is provided in Article XIII of the Plan.

## BASIS FOR RELIEF

7. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

8. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

- whether the order confirming the plan has become final;
- whether deposits required by the plan have been distributed;

3

- whether the property proposed by the plan to be transferred has been transferred;

- whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan;

- whether payments under the plan have commenced; and

- whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See, e.g., In re Union Home & Indus. Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (using the factors contained in the Advisory Committee Note as a guide when deciding whether to close the debtor's chapter 11 case). The Editors' Comment to Bankruptcy Rule 3022 describes it as "a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue." *In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt). The Editors' Comment further notes that "the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case than Code § 350 and the Rule literally read." *Id.*

9.  Courts in the Second Circuit have recognized that the above factors are non-exclusive and are "plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re IDC Servs., Inc.*, 1998 U.S. Dist. LEXIS

13449, at *10-11 (S.D.N.Y. Aug. 28, 1998) (stating that the factors provide a "flexible standard" and holding that the bankruptcy court was not clearly erroneous in closing the debtor's case when the plan had been confirmed and all disputed claims, except one, had been resolved). The entry of a final decree is essentially an administrative task. *Kliegl Bros.*, 238 B.R. at 541; *see also Gould*, 437 B.R. at 38 (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes") (quoting *In re Fibermark, Inc.*, 369 B.R. 761, 765, 767 (Bankr. D. Vt. 2007)).

10. In addition to the factors set forth in the Advisory Committee Note, in determining whether to issue a final decree, courts have considered whether the plan of reorganization has been substantially consummated. *Johnson*, 402 B.R. at 856 (considering substantial consummation as a factor in determining whether to close a case); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).

11. The Administered Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. The Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code more than six months ago, making it appropriate for the Court to enter a final decree closing the Administered Cases. Among other things:

- the Confirmation Order entered with respect to the Plan has become final and non-appealable;

- the Dissolving Debtors in the Administered Cases have either dissolved or merged into SquareTwo; and

5

- the Dissolving Debtors in the Administered Cases no longer have any ongoing operations.

12. As of the date of this Motion, the Administered Cases have no remaining motions, contested matters or adversary proceedings by or against them pending before this Court. In addition, because general unsecured creditors will not receive any recovery under the Plan, the Plan Administrator only needed to resolve priority and administrative claims, which he did either consensually or through the omnibus claim objection that the Court granted.

13. Pursuant to Article 7.7(c) of the Plan, after the dissolution of the other Dissolving Debtors, SquareTwo "shall remain authorized to continue the Wind Down, including filing any necessary documents with the appropriate authorities, including any tax returns, and to facilitate the closing of the Chapter 11 Cases as to such Debtors." Thus, SquareTwo is authorized to address any remaining wind down activities on behalf of the Administered Cases, including the return of $1 million held by Old Republic Surety Company for cash collateral for certain debt collection agency bonds that it issued for SquareTwo Financial Services Corporation d/b/a Fresh View Solutions and SquareTwo.

14. As of the date of this Motion, the Plan Administrator has paid all quarterly fees to the U.S. Trustee. Finally, the Plan Administrator requests a waiver of the requirement in Local Rule 3022-1 to file a Closing Report because the Plan Administrator will submit a Closing Report for all of the Dissolving Debtors' cases after the Court enters a final decree closing SquareTwo's case.

15. Based on the foregoing, the Plan Administrator requests entry of a final decree closing the Administered Cases.

\\NY - 033200/000010 - 8515809 v3

## NOTICE

16. Notice of this Motion has been provided to: (a) the U.S. Trustee, (b) counsel to the former Creditors' Committee, (c) counsel to the Plan Investor, and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that further notice of this Motion is neither required nor necessary.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this Court or any other court in connection with these chapter 11 cases.

WHEREFORE, the Plan Administrator respectfully requests that the Court: (i) enter an order closing the Administered Cases; (ii) waive the requirement in Local Rule 3022-1 to file a Closing Report; and (iii) grant such other and further relief to the Plan Administrator as the Court may deem just and proper.

Respectfully submitted,
Dated: February 5, 2018

**HOGAN LOVELLS US LLP**

By: __/s/ *M. Shane Johnson*_____
M. Shane Johnson
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: shane.johnson@hoganlovells.com

*Counsel for the Plan Administrator*

# **EXHIBIT A**
**Proposed Order**

8

\\NY - 033200/000010 - 8515809 v3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SquareTwo Financial Services Corporation, *et al.*,[1] | Case No. 17-10659 (JLG) |
| Plan Administrator. | (Jointly Administered) |

## FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the Plan Administrator for entry of an order pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (i) closing the Debtors' chapter 11 cases and (ii) waiving the requirement in Local Rule 3022-1 to file a Closing Report; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

---

[1] The Debtors that commenced these chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Orsa, LLC (2864); ReFinance America, Ltd. (4359); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] Capitalized terms that are not defined herein have the meanings ascribed to such terms in the Motion.

\\NY - 033200/000010 - 8515809 v3

2.     Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the cases listed on <u>Schedule 1</u> attached hereto are hereby closed effective as of the entry of this Order; *provided however*, that the Court shall retain such jurisdiction as is provided in Article XIII of the Plan, and the entry of this final decree is without prejudice to the rights of any party in interest to seek to reopen these chapter 11 cases for cause shown.

3.     The Court hereby waives the requirement in Local Rule 3022-1 to file a Closing Report for the Administered Cases after the entry of this Order.

4.     The terms and conditions of this Order are effective immediately upon entry.

5.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: February __, 2018  
New York, New York

                                                HONORABLE JAMES L. GARRITY JR.  
                                                UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

**Administered Cases**

| Case No. | Debtor |
|---|---|
| 17-10659 | SquareTwo Financial Services Corporation |
| 17-10660 | CACV of New Jersey, LLC |
| 17-10661 | Astrum Financial, LLC |
| 17-10662 | Autus, LLC |
| 17-10665 | CA Internet Marketing, LLC |
| 17-10666 | Candeo, LLC |
| 17-10667 | Collect Air, LLC |
| 17-10668 | Collect America of Canada, LLC |
| 17-10669 | Healthcare Funding Solutions, LLC |
| 17-10670 | Orsa, LLC |
| 17-10675 | ReFinance America, Ltd. |