IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Square Two Financial Services Corporation, *et al.*,<br><br>Plan Administrator.[1] | Chapter 11<br><br>Case No. 17-10659-JLG<br>(Jointly Administered)<br><br>**Presentment Date:** January 9, 2020 at 12:00 p.m. (Eastern Time)<br>**Objection Deadline:** January 6, 2020 at 11:30 a.m. (Eastern Time) |

**NOTICE OF PRESENTMENT
OF PLAN ADMINISTRATOR'S MOTION FOR AN ORDER
ENTERING FINAL DECREE AND CLOSING CHAPTER 11 CASES**

**PLEASE TAKE NOTICE** that the *Plan Administrator's Motion for an Order Entering Final Decree and Closing Chapter 11 Cases* (the "Motion") annexed hereto, will be presented by the undersigned counsel to the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, for signature on **January 9, 2020 at 12:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to entry of the order must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed with the Court (with two single-sided hard copies delivered to the Judge's Chambers), and be served in a manner as will cause such objection to be received by **January 6, 2020 at 11:30 a.m.** (prevailing Eastern Time) (the "Objection Deadline") by: (i) Thomas M. Kim, Plan Administrator, SquareTwo Financial Corporation, 6300 S. Syracuse Way, Ste. 300,

---

[1] The Debtors that commenced the chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

Centennial, CO 80111; and (ii) the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan A. Arbeit, Esq. and Richard C. Morrissey, Esq.). The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are received by the Objection Deadline, the order may be entered by the Bankruptcy Court without further notice or a hearing. If an objection is filed, you may be notified of a hearing to consider the relief requested.

Dated: December 12, 2019

**HOGAN LOVELLS US LLP**

By: __/s/ *John D. Beck*_____
John D. Beck
390 Madison Ave
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: john.beck@hoganlovells.com

*Counsel for the Plan Administrator*

**Presentment Date:** January 9, 2020 at 12:00 p.m. (Eastern Time)
**Objection Deadline:** January 6, 2020 at 11:30 a.m. (Eastern Time)

**HOGAN LOVELLS US LLP**
John D. Beck
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: john.beck@hoganlovells.com

*Counsel for the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SquareTwo Financial Services Corporation, *et al.*,[1] | Case No. 17-10659 (JLG) |
| Plan Administrator. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S MOTION FOR AN ORDER
ENTERING FINAL DECREE AND CLOSING CHAPTER 11 CASES**

Thomas M. Kim, as Plan Administrator of the confirmed chapter 11 plan of the above-captioned debtors [Dkt No. 298, Ex. A] (the "Plan"),[2] respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors that commenced the chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] Capitalized terms not otherwise defined have the meaning ascribed to them in the Plan.

Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), issuing a final decree and closing the Debtors' chapter 11 Cases listed on Schedule 1 to the Proposed Order. In support of this Motion, the Plan Administrator respectfully represents and sets forth as follows:

## JURISDICTION

1. This Court (as defined below) has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these Cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 19, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases were consolidated for procedural purposes only to be jointly administered.

3. On that same date the Debtors filed the *Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and its Affiliated Debtors* [Dkt. No. 20], which the Court confirmed on June 9, 2017. *See* [Dkt. No. 298]. The Plan's Effective Date occurred on June 15, 2017. *See* [Dkt. No. 310]. Pursuant to the Plan, Thomas M. Kim was appointed the Plan Administrator as of the Effective Date.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

4. On the Effective Date, the Plan Administrator dissolved Debtors CACV of New Jersey, LLC and Refinance America, Ltd. and merged Debtors Collect Air, LLC, Orsa, LLC, Healthcare Funding Solutions, LLC, Astrum Financial, LLC, CA Internet Marketing, LLC, Autus, LLC, Candeo, LLC and Collect America of Canada, LLC (collectively, the "Dissolving

Debtors") into SquareTwo Financial Corporation ("SquareTwo"). At the time of their dissolution or merger, none of the Dissolving Debtors had any ongoing operations.

5. On November 30, 2017, the Court entered the *Order Granting Plan Administrator's First Omnibus Application for an Order pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 Reclassifying Claims Asserting Priority Status and Expunging Duplicate Claims* [Dkt. No. 563].

6. On March 1, 2018, the Court entered the *Final Decree And Order Closing Chapter 11 Cases* [Dkt. No. 648] closing the chapter 11 cases of the Dissolving Debtors and waiving the requirement to file corresponding closing reports pursuant to Local Rule 3022-1.

7. On or about November 20, 2019, the Creditor Trust made its final distribution to the beneficiaries thereof. On December 11, 2019, the Plan Administrator made its final distribution from the Wind Down Account to the 1.5 Lenders.

**RELIEF REQUESTED**

8. By this Motion, the Plan Administrator seeks entry of the Proposed Order closing the remaining chapter 11 cases of Square Two Financial Services Corporation and its affiliated Debtors (the "Cases"); provided, however, that the Court shall retain such jurisdiction as is provided in Article XIII of the Plan.

**BASIS FOR RELIEF**

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

3

10. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

- whether the order confirming the plan has become final;
- whether deposits required by the plan have been distributed;
- whether the property proposed by the plan to be transferred has been transferred;
- whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan;
- whether payments under the plan have commenced; and
- whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See, e.g., In re Union Home & Indus. Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (using the factors contained in the Advisory Committee Note as a guide when deciding whether to close the debtor's chapter 11 case). The Editors' Comment to Bankruptcy Rule 3022 describes it as "a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue." *In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt). The Editors' Comment further notes that "the Advisory Committee interprets

4

'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case than Code § 350 and the Rule literally read." *Id.*

11. Courts in the Second Circuit have recognized that the above factors are non-exclusive and are "plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re IDC Servs., Inc.*, 1998 U.S. Dist. LEXIS 13449, at *10-11 (S.D.N.Y. Aug. 28, 1998) (stating that the factors provide a "flexible standard" and holding that the bankruptcy court was not clearly erroneous in closing the debtor's case when the plan had been confirmed and all disputed claims, except one, had been resolved). The entry of a final decree is essentially an administrative task. *Kliegl Bros.*, 238 B.R. at 541; *see also Gould*, 437 B.R. at 38 (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes") (quoting *In re Fibermark, Inc.*, 369 B.R. 761, 765, 767 (Bankr. D. Vt. 2007)).

12. In addition to the factors set forth in the Advisory Committee Note, in determining whether to issue a final decree, courts have considered whether the plan of reorganization has been substantially consummated. *Johnson*, 402 B.R. at 856 (considering substantial consummation as a factor in determining whether to close a case); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).

13. The Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. The Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code over two years ago, making it appropriate for the Court to enter a final decree closing the Cases. Among other things:

5

- the Confirmation Order entered with respect to the Plan has become final and non-appealable;

- SquareTwo and its affiliated debtors have no ongoing operations;

- All funds required by the Plan have been distributed by the Plan Administrator or the Creditor Trust (as defined in the Plan); and

- Pursuant to Section 7.2 of the Plan, Resurgent Holdings LLC, as Plan Investor, has assumed the business and management of the property dealt with by the Plan.

14.    As of the date of this Motion, the Cases have no remaining motions, contested matters or adversary proceedings by or against the Debtors pending before this Court. In addition, because general unsecured creditors did not receive any recovery under the Plan, the Plan Administrator only needed to resolve priority and administrative claims, which he did either consensually or through the omnibus claim objection granted by the Court.

15.    As contemplated by Article 7.7(c) of the Plan, SquareTwo secured the return of $1 million held by Old Republic Surety Company for cash collateral for certain debt collection agency bonds that it issued for SquareTwo Financial Services Corporation d/b/a Fresh View Solutions and SquareTwo and has made a final distribution thereof pursuant to the Plan. As of the date of this Motion, the Plan Administrator has paid all quarterly fees to the U.S. Trustee and shall pay any outstanding fees promptly.

16.    Based on the foregoing, the Plan Administrator requests entry of a final decree closing the Cases.

## PAYMENT OF U.S. TRUSTEE FEES AND CLOSING REPORT

17. The Plan Administrator will pay all statutory fees of the United States Trustee accruing up to the date of the final decree for the Cases within ten (10) business days of entry of the Order.

18. A closing report of the Debtors has been filed on the docket [Dkt. 879] in accordance with Local Rule 3022-1 for the Southern District of New York.

## NOTICE

19. Notice of this Motion has been provided to: (a) the U.S. Trustee, (b) counsel to the Creditor Trust, (c) counsel to the Plan Investor, and (d) all parties requesting notice in these Cases pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that further notice of this Motion is neither required nor necessary.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this Court or any other court in connection with the Cases.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an order closing the Cases and grant such other and further relief to the Plan Administrator as the Court may deem just and proper.

Respectfully submitted,
Dated: December 12, 2019

        **HOGAN LOVELLS US LLP**

        By:   /s/ *John D. Beck*
        John D. Beck
        390 Madison Ave
        New York, NY 10017
        Telephone: (212) 918-3000
        Facsimile: (212) 918-3100
        Email: john.beck@hoganlovells.com

        *Counsel for the Plan Administrator*

**EXHIBIT A**
**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SquareTwo Financial Services Corporation, *et al.*,[1] | Case No. 17-10659 (JLG) |
| Plan Administrator. | (Jointly Administered) |

**FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the Plan Administrator for entry of an order pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, closing the Debtors' Cases; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

---

[1] The Debtors that commenced these chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Orsa, LLC (2864); ReFinance America, Ltd. (4359); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] Capitalized terms that are not defined herein have the meanings ascribed to such terms in the Motion.

2. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, each of the following Cases are hereby closed effective as of the entry of this Order:

| Case No. | Debtor |
|---|---|
| 17-10659 | SquareTwo Financial Services Corporation |
| 17-10663 | CACH, LLC |
| 17-10659 | CACV of Colorado, LLC |
| 17-10671 | SquareTwo Financial Canada Corporation |
| 17-10672 | CCL Financial Inc. |
| 17-10673 | Preferred Credit Resources Limited |
| 17-10674 | Metropolitan Legal Administration Services, Inc. |
| 17-10676 | SquareTwo Financial Corporation |

3. The entry of this final decree is without prejudice to the rights of any party in interest to seek to reopen these chapter 11 Cases for cause shown, and the Court shall retain jurisdiction as is provided in Article XIII of the Plan.

4. The terms and conditions of this Order are effective immediately upon entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: __, 2019  
New York, New York

                                                    _____  
HONORABLE JAMES L. GARRITY JR.  
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**
**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Square Two Financial Services Corporation, *et al.*,

Plan Administrator.[1]

Chapter 11

Case No. 17-10659-JLG
(Jointly Administered)

**CLOSING REPORT IN CHAPTER 11 CASE**

To the best of my knowledge and belief, the following is a breakdown in this case:

FEES AND EXPENSES (from case inception):

<u>$5,793,824.63</u>   FEES and EXPENSES for ATTORNEY for DEBTOR

<u>$11,156,168.70</u>  FEES and EXPENSES for OTHER PROFESSIONALS

<u>$991,695.00</u> FEES and EXPENSES for PLAN ADMINISTRATOR[2]

<u>$174,152.76</u> FEES and EXPENSES for ATTORNEY for PLAN ADMINISTRATOR[3]

<u>$438,648.43</u> FEES and EXPENSES for TRUSTEE and his professionals for the UNSECURED CREDITOR DISTRIBUTION TRUST[4]

---

[1] The Debtors that commenced the chapter 11 cases and the last four digits of each such Debtor's federal taxpayer identification number and/or Canadian equivalent are as follows: Astrum Financial, LLC (2265); Autus, LLC (2736); CA Internet Marketing, LLC (7434); CACH, LLC d/b/a Fresh View Funding (6162); CACV of Colorado, LLC (3409); CACV of New Jersey, LLC (3499); Candeo, LLC (2809); CCL Financial Inc. (7548); Collect Air, LLC (7987); Collect America of Canada, LLC (7137); Healthcare Funding Solutions, LLC (2985); Metropolitan Legal Administration Services, Inc. (6811); Orsa, LLC (2864); Preferred Credit Resources Limited (0637); ReFinance America, Ltd. (4359); SquareTwo Financial Canada Corporation (EIN: 1034; BN: 0174); SquareTwo Financial Corporation (1849); and SquareTwo Financial Services Corporation d/b/a Fresh View Solutions (5554).

[2] The total fees paid to Thomas Kim of r[2] Advisors LLC, as Plan Administrator, are current through October 2019. The Plan Administrator does not anticipate any fees and expenses to be incurred through the closing of the Debtors' cases.

[3] The total fees paid to Hogan Lovells US LLP, counsel to the Plan Administrator, are current through October 2019. Hogan Lovells anticipates approximately $5,000 in fees and expenses to be incurred through the closing of the Debtors' cases.

[4] The total fees paid to Gavin/Solmonese LLC, as Trustee of the Creditor Distribution Trust, are current through October 2019. The Trustee anticipates approximately $15,000 in fees and expenses to be incurred through the closing of the Debtors' cases.

<u>$284,070.98</u> FEES and EXPENSES for ATTORNEY for TRUSTEE for the UNSECURED CREDITOR DISTRIBUTION TRUST[5]

DIVIDENDS PAID:

| 100% | DIVIDEND PAID (Allowed Administrative Expense Claims and Priority Tax Claims) |
|---|---|
| 100% | DIVIDEND PAID (Allowed Class 1 Claims (Priority Non-Tax Claims)) |
| 100% | DIVIDEND PAID (Allowed Class 2 Claims (Other Secured Claims)) |
| 99.5% | DIVIDEND PAID (Allowed Class 3 Claims (First Lien Lender Claims)) |
| 99.5% | DIVIDEND PAID (Allowed Class 4 Claims (1.25 Lien Lender Claims)) |
| 49% | DIVIDEND PAID (Allowed Class 5 Claims (1.5 Lien Lender Claims)) |
| 3.44% | DIVIDEND PAID (Allowed Class 6 Claims (Second Lien Lender Claims)) |
| 3.44% | DIVIDEND PAID (Allowed Class 7A Claims (U.S. General Unsecured Claims)) |
| 100% | DIVIDEND PAID (Allowed Class 7B Claims (Canadian General Unsecured Claims)) |
| 0% | DIVIDEND PAID (Allowed Class 8A Claims (Existing U.S. Interests)) |
| 100% | DIVIDEND PAID (Allowed Class 8B Claims (Existing Canadian Interests)) |
| N/A | FUTURE DIVIDENDS |

STEPS TAKEN TO CONSUMMATE THE PLAN:

1. Approximately 121 proofs of claim were filed in the Chapter 11 Case. General unsecured creditors did not receive any recovery under the Plan but, to the extent allowed, did receive a distribution from the Creditor Distribution Trust pursuant to the Creditor Distribution Trust Agreement approved by the Court [Docket No. 299].

---

[5] The total fees paid to Arent Fox LLP, counsel to the Trustee, are current through October 2019. Arent Fox anticipates approximately $21,375.50 in fees and expenses to be incurred through the closing of the Debtors' cases.

2. As part of the claims reconciliation process, the Plan Administrator was only required to resolve priority and administrative claims, which he did either consensually or thorough the omnibus claim objection granted by the Court [Docket No. 778].

3. The Plan Administrator has paid or will have paid all quarterly fees owed to the Office of the United States Trustee for the Southern District of New York before the closing of the Debtors' cases and the estate does not owe any money to the Clerk of the Court as of the date hereof.

\_\_\_\_X\_\_\_ INITIAL AND FINAL DISTRIBUTION UNDER THE PLAN COMPLETED

_____ OTHER: (explain)

DATE: December 12, 2019
New York, New York

BY  /s/ *John D. Beck*
John D. Beck
390 Madison Ave
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: john.beck@hoganlovells.com

*Counsel for the Plan Administrator*